Filed 2/25/16  White & Whitley Group v. Wilson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WHITE & WHITLEY GROUP, LLC,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>FREDERICK WILSON,<br><br>     Defendant and Appellant. | A143030<br><br>(Contra Costa County<br>Super. Ct. No. MSC1301101) |

Appellant Frederick Wilson asserts his consumer debt is void and uncollectable because the original lender's sale of his promissory note to respondent White & Whitley Group, LLC (White & Whitley) violated the California Finance Lenders Law (Fin. Code § 2200, et seq.).[1]  The trial court rejected Wilson's interpretation of the Finance Lenders Law and granted White & Whitley's motion for judgment on the pleadings.  We agree, and therefore affirm the judgment.

**BACKGROUND**

Because we are reviewing an order granting a motion for judgment on the pleadings, we assume the truth of the facts alleged in Wilson's cross-complaint.  (*People ex rel. Harris v. Pacific Anchor Transp., Inc.* (2014) 59 Cal.4th 772, 777 (*People ex rel. Harris*).)  Wilson obtained a consumer loan from CashCall, Inc. (CashCall), a licensed finance lender within the meaning of the Finance Lenders Law.  CashCall subsequently sold the debt to White & Whitley for collection.

---

[1] Unless otherwise noted, further statutory citations are to the Financial Code.

1

White & Whitley sued Wilson to collect. Wilson filed a cross-complaint for declaratory relief and damages, alleging violations of the Finance Lenders Law, the Rosenthal Fair Debt Collection Practices Act (Civ. Code § 1788 et seq.), and the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.). He alleged the Finance Lenders Law restricts the entities to whom a lender may sell consumer debt to institutional investors or licensed finance lenders. According to the cross-complaint, CashCall's sale of his debt constituted a willful violation because White & Whitley is neither. As a result, Wilson alleged, the sale rendered his debt void under section 22750, subdivision (b).[2]

White & Whitley moved for judgment on the pleadings. The trial court granted the motion without leave to amend. It ruled: "This is a case of first impression concerning the interpretation of Financial Code section 22340(a). The meaning of that section is plain from its legislative history, which clearly shows that Section 22340 (previously Financial Code Section 24476 (AB 346)) merely gave licensees under the Finance Lenders Law express authority to sell real-estate secured loans, without being licensed real estate brokers. [Citation.] [¶] In addition to the legislative history of Section 22340, a provision of the California Code of Regulations appears to indicate quite clearly that Financial Code Section 22340 applies only to real-estate secured loans. See 10 Cal. Code of Regs., title 10, Section 1460. Section 1460 is entitled, '*Real Estate Secured Loans: Sale to Institutional Investors.*' It provides, in relevant part: 'Loans made by a finance company under Financial Code Section 22340 and 22600 shall meet all of the following requirements: . . . (b) The finance company shall be the lender or creditor on the promissory note and the beneficiary on the deed of trust securing the loan. . .' Thus, both the regulation's title and its description of a Section 22340 loan being secured by a

---

[2] Section 22750, subdivision (b) provides: "If any provision of this division is willfully violated in the making or collection of a loan, whether by a licensee or by an unlicensed person subject to this division, the contract of loan is void, and no person has any right to collect or receive any principle, charges, or recompense in connection with the transaction."

deed of trust lend additional support for the proposition that Section 22340 applies strictly to real estate backed loans." Wilson's causes of action under the Federal Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act were premised on the alleged Finance Lenders Law violation, and therefore failed with his section 22340 claim.

Wilson filed this timely appeal from the ensuing judgment.

## DISCUSSION

" 'A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. [Citation.] A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' [Citation.] 'All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law. . . .' " (*People ex rel. Harris*, *supra,* 59 Cal.4th at p. 777.)

The Finance Lenders Law requires those engaged in the business of making consumer loans to be licensed. (§§22009, 22100, subd. (a).) Under section 22340, subdivision (a), a licensed lender "may sell promissory notes evidencing the obligation to repay loans made by the licensee pursuant to this division or evidencing the obligation to repay loans purchased from and made by another licensee pursuant to this division *to institutional investors*, and may make agreements with institutional investors for the collection of payments or the performance of services with respect to those notes." (Italics added.) Wilson contends this language means licensed lenders may sell consumer loans *only* to institutional investors, and that the sale of such loans to any other entity renders the debt void and noncollectable pursuant to section 22750, subdivision (b). Our colleagues in Division 5 of this court rejected this same contention in *Montgomery v. GCFS, Inc.* (2015) 237 Cal.App.4th 724 (*Montgomery*). We agree with their analysis, which disposes of all of Wilson's contentions.

In *Montgomery,* as here, the debtor argued the sale of her consumer debt to entities that were neither licensed finance lenders nor institutional investors as defined by the Finance Lenders Law violated section 22340, subdivision (a), and thus rendered the debt

3

void.  (*Montgomery, supra*, 237 Cal.App.4th at pp. 727–728.)  Like Wilson, she argued that under the principle of *expressio unius est exclusio alterius* (i.e., the expression of one thing ordinarily implies the exclusion of other things) the statutory language permitting licensees to sell their notes to institutional investors prohibits such sales to any other party.  (*Id*. at pp. 729–730.)   After conducting a careful analysis of the legislative history, the *Montgomery* court rejected that interpretation.  Instead, it concluded the Legislature's purpose in enacting section 22340, subdivision (a) was to permit licensed finance lenders to sell notes secured by real property to institutional investors without having to be licensed as real estate brokers.  (*Id*. at pp. 730–731.)  "This legislative history makes clear that section 22340(a) was intended to clarify Business and Professions Code section 10133.1, subdivision (a)(6): the sale of any debt, including debt secured by real estate, by a licensed finance lender to an institutional investor was within the authority of that lender's license.  *That history also makes clear that the Legislature did not intend the provision to prohibit the sale of debt to non-institutional investors.  Instead, the Legislature left the statute silent as to other sales, leaving open the possibility that other statutory schemes could regulate those sales*."   (*Id*. at p. 731, italics added.)  We agree.

Wilson contends the trial court should have disregarded the legislative history because, in his view, the statute's meaning is apparent from its "plain language" and the statutory scheme.  The contention is not persuasive.  The statutory language—"a licensee *may* sell promissory notes"—is permissive, not prohibitory, and therefore does not on its face indicate a legislative intent to prohibit sales to parties other than institutional investors.  On the other hand, as noted in *Montgomery*, "[i]f the Finance Lenders Law permits licensees to sell debt to anyone, . . . section 22340(a) appears on its face to be unnecessary.  Such an interpretation would contravene the principle of statutory construction directing us to 'assume[] that every part of a statute serves a purpose and that nothing is superfluous.'  [Citation.]  Moreover, . . . another principle of statutory interpretation, 'commonly known under the Latin name of *expressio unius est exclusio alterius*, is that the expression of one thing in a statute ordinarily implies the exclusion of other things.' "  (*Montgomery, supra*, 237 Cal.App.4th at pp. 729–730.)   In light of these

4

observations, we agree with *Montgomery*'s conclusion that the statutory language is ambiguous, and therefore, appropriately analyzed in light of its legislative history. (*Ibid*.)

Wilson argues the trial court erred when it ruled that section 22340 applies only to real estate-backed loans, rather than to all consumer loans. The argument skews what we believe to be the main import of the court's ruling, but no matter. The dispositive point is that section 22430, subdivision (a) does not restrict the sale of consumer loans covered by the Finance Lenders Law to institutional investors. The trial court thus correctly rejected Wilson's claim that the sale of his loan to White & Whitley violated the law and thereby voided his debt.

## DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:


_____
Pollak, Acting P.J.


_____
Jenkins, J.

*White & Whitley Group, LLC v. Wilson*, A143030